Good morning, Your Honors. Jeff Jones for the appellant, Richard Burgos. The key to this case, with regard to the appellant's claim that his plea was not voluntary, is that he submitted uncontroverted evidence in the form of specific detailed testimony that supports that claim that his no-contest plea to robbery and other crimes was not voluntarily made. No court has yet given fair consideration to this evidence. The California court's failure to fairly consider this evidence, failure to consider it at all, is objectively unreasonable. At the hearing on Mr. Burgos's motion to withdraw his plea, he testified that prior to entering his plea, at the change of – just before the change of plea hearing, his attorney told him that he was not prepared to go to trial and that no continuance could be obtained. And that he would receive a life – that he would receive a life sentence if he went to trial. And that's – that's the advice he – he testified that he received just before pleading guilty. No contest, rather. He also testified that his attorney – his attorney admitted having misled him about investigation, that he had said he had conducted – that he had previously said he had conducted an investigation that he, in fact, never conducted. Now, the judge that denied the motion to withdraw the plea dismissed this testimony and all – and all of his testimony regarding his attorney – his attorney having been ineffective in advising him to plead – plead no contest by saying that, I haven't heard anything new. We covered this at the Marston hearing. And that was a – that was a hearing to substitute counsel. It took place nine days before the – before the change of plea hearing. At that hearing, however, the – the thing that's important is that the things that Mr. Burgos testified to, that conversation was not covered in that hearing. In the first place, with regard to what his attorney told him at the change of plea hearing, the Marston hearing took place nine days before that. So it couldn't have – it couldn't have covered that. Also, everything discussed in that Marston hearing on August – on August 11th, 1997, everything discussed at that hearing tends to support and lend credibility to Mr. Burgos' testimony at the hearing on his motion to withdraw the plea. At that hearing, his attorney admitted that he hadn't provided competent representation and admitted that he had not adequately communicated with his client up to that point in the case. That was – that was nine days before the plea was entered, and I think at that point trial was set to a closer date than that. Ultimately, that attorney, William Fratarsi, stayed on the case, though the judge said that he would grant – that that attorney had been incompetent and he would grant the Marston motion. Now, admittedly, that hearing primarily focused on a particular motion that hadn't been filed that Mr. Burgos wanted filed. But the attorney's comments about his own representation up to that point clearly was talking about the whole case up to that point and not – and not just this particular motion. And now, Mr. Jones, is it? Yes, Your Honor. Let's suppose there was a failure to perform the kind of investigation that a reasonably competent attorney would have performed. I think probably the first strickland element. Then wouldn't you be required to show that if a reasonable investigation had been performed, the result likely would have been different? Indeed. That's true. And that's the controlling Supreme Court case on this. I guess my question is, what would a reasonable investigation have disclosed that would have rendered a different result? Well, I think that – I think that generally it's true that if you're arguing your plea, the plea wasn't knowingly involuntary because there was an inadequate investigation, then you do have to show – you do have to show that the inadequate investigation would have revealed something that would have caused the defendant to enter a different plea. And that's going to have to be something that's going to change – that's going to affect a jury's verdict otherwise. But the evidence would have been found. What is it? It has to be some kind of exculpatory evidence that would tip you into saying, you know, I've not entered this plea right now. I'm going to roll the dice, go to trial, or have some other kind of, in some cases, plea bargain. I agree. I agree. That's correct. I think what else you have in this case, besides a failure to investigate, that – but it's also – that's also closely related to that, is what his attorney told him at the plea hearing. Regardless of the investigation that's been conducted, if you're about to decide whether you're going to plead guilty or go to trial at that point and you're not prepared, then I think that gets – I think that changes the posture of the case, and then it's not – it's not necessary to show that there are specific witnesses that would have – would have testified a certain way. And you – and there aren't, in this case, affidavits showing that this witness would have – would have provided exonerating testimony and that sort of thing. But we have the attorney telling him, essentially, you have to plead guilty because I'm not prepared to defend you. And he also – he knew – Mr. Burgos knew that no continuance could be obtained. He'd been told that by his attorney, according to his testimony, but in the record he'd also been told that by the – by the court at the – at the meeting. So you're saying that this is an unusual circumstance where the two prongs of Strickland collapse on each other in some way? Or are you saying that you still have to prove prejudice, but that prejudice is the same thing as the ineffectiveness? Yes. I think – I think – And which one of those are you saying? I think the latter. Strickland obviously applies. I think – I don't think it's that the two prongs collapse on each other, but I think they might be – that the same evidence addresses – addresses them both in the sense that it's obviously ineffective, except that Mr. Burgos' testimony is true and it's unrefuted. It's – it would be in a – for an attorney to tell you that you have to plead guilty because I'm not – Well, let me just give you a hypothetical. Yes. You show up and the guy says, look, I'm really not ready to defend you. You better plead guilty. He says, oh, okay, I plead guilty. And then it turns out that the evidence is basically they have a dead person. They have the defendant with the gun pointed at the dead person. And he's holding the gun when the cops arrive. So pretty much it's a dead bang conviction there with that guy. Yes. So then you say, well, it hardly would have mattered if he was prepared to go to trial or not. There really was no prejudice because there's no exculpatory evidence for that unfortunate individual. So that's the analysis you have to kind of walk down. So then we're kind of asking you, you know, we know your client wasn't found with the dead man and the gun and a different crime and all. Of course. But what's the exculpatory evidence such that if you had an attorney that was ready to go to trial, he or she could have put it on? I think in this case the exculpatory evidence is thin. However, I think that it's – Is there any? I mean, how many? He has many. He has many. There are many. In his petition before the district court, which is essentially the same as his petition before the State courts, he alleges in his verified petition many instances of exculpatory evidence that weren't discovered by his trial counsel. Now, he doesn't support those with affidavits from those witnesses and that kind of thing. Don't we need more than just a kind of a conclusion that there's exculpatory evidence out there that I would have been able to present? I think what we have is his uncontroverted testimony about what his attorney told him. And that gets back to your question, I realize. And I'm not avoiding your question, Your Honor. But to say that it's ultimately, ultimately the plea has to be knowing and voluntary. It has to be voluntarily made. If, in this case, if he was wholly – if he was wholly relying on the failure to provide exculpatory evidence, failure to investigate, then absolutely, he needs to – he needs to come up with some exculpatory evidence. But here we also have his attorney telling him, I'm not prepared to go to trial. And I think under that circumstance, the plea can't be regarded as knowing and voluntary. And maybe the best way to put that is the two prongs should collapse on each other just under this very particular factual situation where you have your attorney telling you, I mean, a voluntary – You only have a minute and 22 seconds. Would you like to reserve that time? I'll reserve that for rebuttal if there are no further questions. Absolutely. That might make sense.  Paul O'Connor for Respondent. In this case, the State courts reasonably rejected the claim that the no contest plea was involuntary due to ineffective assistance. The standard is Hill v. Lockhart, and that requires Burgos to show that there was a reasonable probability but for attorney error that Burgos would not have pleaded no contest but would have gone to trial. And Mr. Burgos, you know, cannot meet this standard in this case. And the State courts reasonably applied that standard in rejecting Burgos' claim. With respect to an attorney's duty to investigate, that duty is not limitless, and Burgos must show that a witness's testimony creates a reasonable probability of a reasonable doubt. And that's from this Court's Tinsley case, which is cited in my brief. Some of these so-called failures to investigate were clearly reasonable or non-prejudicial even based on the record before us. For example, there was a lack of fingerprint evidence in the burglary cases, but that's not surprising because Mr. Burgos wore gloves during committing his crimes. Additionally, there was strong evidence of guilt in this case. With respect to the home invasion robbery, Hara Milo, Burgos' girlfriend and a care provider for the victims, told Burgos about the money that the victims had. She prepared a floor plan that she gave to Burgos. Hara Milo saw Burgos put a gun in his backpack. The robber with the gun was wearing rubber gloves, and Burgos wore gloves when using the gun on a separate occasion after the robbery. The robbers took a ring with a diamond, some $2 bills, a large amount of cash. And shortly after the robbery, Burgos had a large amount of cash on him. He had $2 bills and a ring with a diamond. Burgos told Hara Milo that he went to the old man's house. In other words, he went to the victim's house. With respect to the burglaries, looking at the Blockbuster burglary, Burgos gave Hara Milo a stolen VCR. He also told her that he, quote, unquote, did a video store. With respect to the Computerland burglary, there was an IBM. IBM and Apple laptops were taken, and Burgos had laptops of those makes. Also, the burglars entered through the roof, and Burgos had insulation on his clothing. With respect to the Chief Auto Parts burglary, floor jacks were taken, and Burgos had floor jacks. A silver Taurus automobile was involved. Burgos owned a silver coat with latex gloves. In the fireplace, they found a diagram with the names John and Ricky, the names of the home invasion burglary victims. While Burgos was in police custody, he tried to flush a ring down the toilet. So, I mean, there's simply overwhelming evidence of guilt in this case, and that strong evidence of guilt suggests there's no reasonable probability that but for attorney error, Burgos would not have pleaded no contest and would have gone to court. I'm just pointing out that Mr. Burgos was properly advised of his potential sentence at the time of his no contest plea. He was advised he faced a maximum of 34 years. So, you know, among other things, he, you know, it's not, it's not, I mean, it's non-prejudicial. I mean, even assuming that it's correct that his attorney at some point told him he had a plea hearing, he was advised he faced a maximum of 34 years. So with that, I'm prepared to answer any questions the panel has. Thank you. Thank you. Your Honors, the controlling Supreme Court case law that governs this case, Hill v. Lockhart, stands for the proposition that you suggested that there must be exculpatory evidence. I think that inquiry, though, is going to whether there was, in fact, a reasonable, a reasonable preparation for trial, whether the guilty plea, the ultimate question whether the guilty plea was premised on reasonable performance by counsel. I think that is the ultimate question under Hill v. Lockhart. In a situation where you only have, where the only, the only challenge to the voluntariness of the plea is a failure to investigate, then to show that the, that the preparation was unreasonable, you have to, you have to show that there was something out there to investigate. I think you do get past that when you have an attorney telling the client you have to plead guilty because I'm not prepared. That's not a, that's not a real choice, and it's, it's the definition of involuntary. And I think, I don't think that's, I don't think that is contrary, that proposition is contrary at all to Hill v. Lockhart, and is, is, and I think it flows from that case and other, and other Supreme Court cases. For instance, that, that in looking at whether a plea is voluntary, you look at the totality of the circumstances. In this case, for the State court to say there's no evidence supporting his claim that his plea was involuntary, in light of, in light of the evidence that he testified to about what his attorney told him at the, at the plea hearing, just before the plea hearing, that decision is objectively unreasonable. You make a new argument, I think, that the district court should have taken, undertaken some evidentiary hearing. Wasn't that done in part? Didn't, wasn't there testimony about what might have been found and health concerns and ineffective trial counsel? Yes. At the change of plea hearing. Yes. Yes. There was. There was a hearing. And the reason I think there, there should be another, there should at the very least be another hearing, is because at that hearing, that's where Mr. Burgas gave this testimony. He testified that his attorney, it was at that hearing that he testified that his attorney told him, I'm not prepared to go to trial. And in effect, you have to plead guilty because I'm not ready to defend you. But at the original plea, he said, under questioning from the court, that it was, his decision was free, voluntary. He did. And he understood the consequences of what he was doing. He did, he did say that. He said he had had, he said he had had adequate time to, to speak with his attorney. He did. So can he just change his mind on a motion for withdrawal of plea and say just the opposite? No. I don't think anything, I don't think any of those admissions at the change at the plea colloquy were contrary to what he's alleging now. He's not alleging he didn't have enough time to speak with his attorney at the time of the plea. He's not. Yes, he said the plea was voluntary, but that's really a legal conclusion. Every, every plea, every plea is premised on a, everybody who's ever pleaded guilty says, yes, my plea is voluntary. That doesn't, that doesn't preclude the claim that we're talking about in this case. I don't think anything he said in that plea hearing, if I missed anything, please correct me, that, that contradicts what the allegations in this case and the claim in this case. All right. Thank you for your argument. Thank both counsel for your argument this morning. The case just argued of Bogos versus Yarbrough is submitted.
judges: Zilly, Thompson, McKeown